**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 98-4129

KINGSLEY CHUKWUEZI,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-97-229-PJM)

Submitted: February 16, 1999

Decided: March 18, 1999

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth Shepherd, Washington, D.C., for Appellant. Lynne A. Bat-
taglia, United States Attorney, Steven M. Dettelbach, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury found Kingsley Chukwuezi guilty of one count of knowing receipt and possession of counterfeit alien registration receipt cards and social security cards, in violation of 18 U.S.C.A. § 1546(a) (West Supp. 1998). On appeal, Chukwuezi makes several challenges to the sufficiency of the evidence. He also contends the district court erred by admitting into evidence handwritten notes prepared by government agents. Finding no reversible error, we affirm.

Taken in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868), the evidence at Chukwuezi's trial established the following facts. In March 1995, United States Postal Inspectors, working in conjunction with Special Agents of the Immigration and Naturalization Service and the United States Secret Service, intercepted a suspicious express mail package being sent from Los Angeles to a Maryland residence. The package was addressed to King Nmadu at 4310 Jefferson Street, # 202, Hyattsville, Maryland. Chukwuezi was the only male adult residing at that address, and he used the first name "King." The package contained several counterfeit alien registration receipt cards ("green cards") and social security cards.

On March 30, 1995, a government agent dressed as a postman made a controlled delivery of the package to Chukwuezi's address. A juvenile accepted the package and took it inside the apartment. Immediately thereafter, a search warrant was issued and executed on the apartment. The unopened package was found in the front room of the apartment on a couch which Chukwuezi used as his bed.

A short time before the controlled delivery, Secret Service Agent Martin Mullholland saw a black male leaving the Jefferson Street apartment complex driving a blue Isuzu Rodeo. After the package was delivered and the search warrant was executed, Mullholland observed the same Isuzu Rodeo driving slowly past the apartment complex. When he tried to stop the vehicle, the driver evaded him at a high rate of speed, running stop signs, jumping curbs, and driving

through a neighbor's yard. However, a few minutes later other agents stopped the vehicle and took Chukwuezi into custody. He was arrested and taken back to his apartment.

At the apartment, Tony Chase, a United States Postal Inspector, interviewed Chukwuezi. While Chase was getting biographical information, Chukwuezi asked "[I]s this about the package?" He then asked "[I]s this about the green cards?" (J.A. at 23-24). Up to this point, Chukwuezi was not told that his arrest concerned the package or false green cards.

The next day, Chukwuezi was again interviewed by Special Agent Cole of the INS and Special Agent Buzzeo of the United States Customs Service. After being given <u>Miranda</u> warnings, Chukwuezi signed a written waiver form. He stated that he knew he was to receive a package containing green cards. According to Chukwuezi, a person in Los Angeles named Anthony contacted Chukwuezi and told him that the package was being sent to him. Anthony told Chukwuezi to call Anthony when he received the package. Anthony would then contact a man in Virginia named Alfonse, who in turn would contact Chukwuezi in order to get the package. Alfonse was to pay Chukwuezi for his participation.

During cross-examination at trial, defense counsel implied that Cole fabricated all or part of the incriminating statements attributed to Chukwuezi, as shown by the following colloquy:

> Defense counsel: Well, so you did not take a statement from Mr. Chukwuezi, which you allowed him to review; is that correct?
>
> Cole: No. We did not take a written statement from Mr. Chukwuezi, no.
>
> \*\*\*\*\*
>
> Defense counsel: . . . [d]id you let him review the notes that you said you had taken?
>
> Cole: No. I don't believe we did.

3

\*\*\*\*\*

> Defense counsel: Did you give him a copy of the notes
> you say you had taken?

> Cole:     No.

> Defense counsel: Did you allow them [sic] to review what
> you had written down to see whether he
> disagreed with or agreed with it?

> Cole:     No, but we went over it orally . . . every-
> thing was basically reviewed . . . .

> Defense counsel: Did Mr. Chukwuezi sign your notes or
> initial them in any way?

> Cole:     No.

\*\*\*\*\*

> Defense counsel: Did you have access to a recording
> device? Did you record this statement
> you say you received?

> Cole:     No, we did not record.

> Defense counsel: Did you have a stenographer present?

> Cole:     No.

(J.A. at 133-35). On redirect examination, the Government offered as evidence contemporaneous notes taken during the interview by Cole and Buzzeo. Buzzeo's notes were a more complete reflection of the interview because Cole was the agent conducting the interview. Cole reviewed and adopted Buzzeo's notes as accurate after the interview. The notes corroborated Cole's testimony. Over defense counsel's objection, the court admitted the notes as a prior consistent statement

4

rebutting the inference of fabrication. (J.A. at 160, 162); see Fed. R. Evid. 801(d)(1)(B).**1**

Chukwuezi makes the following challenges to the sufficiency of the evidence: (1) the evidence was insufficient to show that he had knowledge that Anthony was sending him counterfeit green cards or any social security cards or that he knew the package contained counterfeit green cards; (2) Cole's testimony regarding incriminating statements did not provide a basis for finding any specific admissions; (3) the delivery of the package to the apartment and receipt by a juvenile did not constitute constructive possession; (4) there was no evidence that the counterfeit material entered at trial was the same material contained in the package; and (5) the Government's case was based entirely on circumstantial evidence that equally supported an inference of non-criminal behavior.

The jury's verdict must be upheld "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The evidence need "not exclude every reasonable hypothesis consistent with innocence." See United States v. Jackson, 863 F.2d 1168, 1176 (4th Cir. 1989). An appellate court does not review the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

In order to convict Chukwuezi of the charged crime, the jurors must have found beyond a reasonable doubt that: (1) he knowingly possessed, obtained, accepted, or received any alien registration receipt card, or other document prescribed by statute or regulation for

_____

**1** The Government contends that the notes were admitted under the traditional rule permitting prior consistent statements for the sole and limited purpose of rehabilitating the witness and not for the truth of the statements. See United States v. Ellis, 121 F.3d 908, 920 (4th Cir. 1997), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095). We find it is more likely that the notes were admitted under Rule 801(d)(1)(B). Although the appellate record is not entirely clear, the argument for admission concerned defense counsel's inference that Cole fabricated Chukwuezi's statements. Furthermore, there was no limiting instruction to the jury concerning the purpose for which it could consider the notes.

5

entry into or as evidence of authorized stay or employment in the United States, and (2) he knew that such documents were forged, counterfeited, falsely made, or otherwise procured by fraud or unlawful. See § 1546(a).

Chukwuezi's approach on appeal in attacking the sufficiency of the evidence is to attack each piece of the Government's case in isolation. However, our role is to "view the evidence together as a coordinated and interrelated whole." United States v. Hughes, 716 F.2d 234, 240 (4th Cir. 1983).

We find the evidence sufficiently establishes that the jury could properly have found that Chukwuezi possessed the green cards even though he was not home when the package was delivered or the search executed. Constructive possession exists when a defendant may not have actual possession of contraband but has the power to exercise dominion and control over it; constructive possession may be proven by circumstantial evidence. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). In the instant case, Chukwuezi was the only male adult living at the address listed on the package. Furthermore, the package's address used a variation of Chukwuezi's first name. The package was recovered from Chukwuezi's sleeping area. After his arrest, Chukwuezi asked if the arrest concerned the green cards. This evidence clearly establishes constructive possession. See United States v. Osborne, 935 F.2d 32, 34 n.2 (4th Cir. 1991) (defendant was deemed to have constructive possession even though he was not home when the contraband was delivered).

We also find there was sufficient evidence to establish that Chukwuezi knew that the package contained counterfeit material. A defendant's guilty knowledge may be proven by circumstantial evidence. See, e.g., United States v. Heaps, 39 F.3d 479, 484 (4th Cir. 1994) (circumstantial evidence can show that defendant had knowledge that money was derived from illegal sources); United States v. Jones, 797 F.2d 184, 187 (4th Cir. 1986) (knowledge that airline tickets were stolen can be proven by circumstantial evidence). The evidence showed that Chukwuezi attempted to flee when government agents tried to stop him. In addition to the circumstantial evidence, he made a statement describing in detail what he was to do once he received the counterfeit material.

6

As for Chukwuezi's claim that there was no evidence that the material admitted at trial was the same as that in the package, a government agent present during the search of Chukwuezi's residence confirmed at trial that the material was the same. Furthermore, another agent identified the material as counterfeit.[2] In summary, we find there was sufficient evidence to sustain the conviction.

Chukwuezi's challenge to the admissibility of the agents' notes also fails. During cross-examination, defense counsel challenged Cole's failure to record the interview, to obtain a written statement from Chukwuezi, or to permit Chukwuezi to review the notes taken by Cole or Buzzeo. We review the district court's evidentiary rulings for an abuse of discretion. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997).

Under Federal Rules of Evidence 801(d)(1)(B), a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." The statement must have been made before the declarant had a motive to fabricate. See United States v. Henderson, 717 F.2d 135, 138 (4th Cir. 1983). An investigator's notes regarding a defendant's statements may be admitted under this rule. See United States v. Street, 66 F.3d 969, 976-77 (8th Cir. 1995) (notes rebutted inference that witness fabricated statements allegedly spoken by defendant).

In this instant case, the agents' notes were consistent with Cole's testimony on direct examination and rebutted an inference that Cole had fabricated Chukwuezi's statements. The notes were prepared during the interview, over two years before Chukwuezi was charged with a crime, and before Cole testified. Although Cole did not actually pre-

_____

[2] To the extent that Chukwuezi may be challenging the admissibility of the counterfeit material, our review is limited to plain error because he did not raise a trial objection. See United States v. Ellis, 121 F.3d 908 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095). Because the material was authenticated by two witnesses, we do not find any error.

7

pare all the notes admitted into evidence, he reviewed Buzzeo's notes immediately after the interview and adopted the notes as his own recollection of what occurred during the interview. Thus, we find that the court did not abuse its discretion in admitting the notes.

We affirm Chukwuezi's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED